IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN PRICE                                                                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:08cv16DCB-JMR

JANET DIAGRE, ET AL                                                                      DEFENDANTS

REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*, regarding failure of the Plaintiff to prosecute this matter and respond the to Court's Order. On July 7,2008,Plaintiff was ordered to Show Cause in writing on or prior to July 17,2008, as to as why this action should not be dismissed due to Plaintiff's failure to prosecute. Plaintiff filed its Complaint on February 5,2008 and summons was issued on February 5,2008 but never executed. On July 7,2008 , the Court issued an Order to Show Cause . Plaintiff was warned that his failure to comply with the Court's July 7,2008 Order may result in dismissal of this suit.   Plaintiff nor its counsel has  never contacted the Court  in compliance with the July 7,2008 Order .

Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* , "for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against her." Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th.1978). Not only may a district court dismiss for lack of prosecution, but it may dismiss an action upon its own motion whenever necessary to "achieve the orderly and expeditious disposition of cases". *Colle v. Brazos*, 981 F.2d 237,242 (5th Cir. 1993)

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co*. 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc*., 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that Plaintiff has failed in her obligation to respond in accordance with the Court's Order and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other civil cases. Accordingly, this Court recommends that this case be dismissed without prejudice for the Plaintiffs failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

In accordance with Rules of this Court, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).

So ORDERED AND ADJUDGED , THIS the 10th day of November ,2008.

<u>*S/John M Roper*</u>
UNITED STATES MAGISTRATE JUDGE