IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JOHN PRICE                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 5:08-cv-16(DCB)(JMR)

JANET HYLAND DAIGRE,
JOHN L. HYLAND, III,
LOOSA YOKENA, L.P.                                DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on a Motion by Anderson-Tully Company ("ATCO") to Intervene Pursuant to Rule 24 **(docket entry 61)**; ATCO's Motion for Injunction and Damages **(docket entry 64)**; defendants' Motion to Strike or hold in Abeyance the Motion for Injunction and Damages **(docket entries 66 and 67)**; and plaintiff's Motion to Hold in Abeyance the Motion for Injunction and Damages **(docket entries 68 and 69)**.  Having carefully considered the motions and responses, the briefs of the parties and the applicable law, the Court finds as follows:

This action originated as a dispute between adjacent landowners concerning a drainage ditch.  The plaintiff's complaint was filed on February 5, 2008, amended on January 30, 2009, and amended again on November 2, 2009.  The parties ultimately settled on July 27, 2010, and this case was dismissed with prejudice.

The proposed intervenor seeks intervention pursuant to Fed.R.Civ.P. 24(a)(2)("intervention as of right"), or Fed.R.Civ.P. 24(b)("permissive intervention").

A movant is entitled to intervention as of right if "(1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervener's interest." John Doe No. 1 v. Glickman, 256 F.3d 371, 375 (5th Cir. 2001)(citations omitted).

A movant is entitled to permissive intervention if "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." League of United Latin Am. Citizens, Council No. 4434 v. Clements, 884 F.2d 185, 189 (5th Cir. 1989)(citations omitted).

A motion pursuant to Rule 24 "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). The pleading attached to ATCO's motion is a proposed "Complaint for Injunction and Damages," which recites that the movant seeks to reopen this case "to enable the parties to resolve their differences relative to a settlement agreement." Proposed Complaint, ¶ 2. ATCO states that it owns property adjacent to that

of the defendants.  <u>Id</u>. at ¶ 3.  It further alleges that it "has a
common interest in the litigation pending before the Court and the
terms of the settlement and has requested intervention since it
affects property owned by it."  <u>Id</u>. at 2.  The proposed complaint
alleges:

> As a result of activities initiated by the
> Defendants and continuing to be maintained by them,
> certain manmade drainage ditches and creeks were caused
> to be created or altered in recent years and certain
> levees have been altered so that sludge, silt, sediment
> and other materials have formed which have created a
> major alteration in the course of the drainage from the
> properties owned by the Defendants causing the water and
> drainage to now flow onto ATCO's property which has
> resulted in ultimately killing and otherwise damaging
> approximately 55 acres of timber growing on ATCO's land.
>
> Unless the activities of the Defendants are stopped
> through an injunction, continued irreparable harm and
> continuing damages will be sustained by ATCO, and ATCO
> requests that this Court enter a permanent injunction
> against the Defendants mandating that they shall correct
> the problems, perform such remedial measures as may be
> necessary and discontinue the activities that are causing
> the flooding and accumulation of debris onto ATCO's land.

<u>Id</u>. at ¶¶ 4-5.

Rules 24(a) and 24(b) both provide for intervention only upon
"timely application."  In analyzing the timeliness requirement, the
Fifth Circuit has suggested the use of four factors: "(1) the
length of time during which the would-be intervenor actually knew
or reasonably should have known of its interest in the case before
it petitioned for leave to intervene; (2) the extent of the
prejudice that the existing parties to the litigation may suffer as
a result of the would-be intervenor's failure to apply for

3

intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.  Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

It has been said that timeliness is the "prevenient question" when intervention is at issue.  Banco Popular v. Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992).  The First Circuit has noted:

> The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances.  In evaluating that mosaic, the status of the litigation at the time of a motion to intervene is "highly relevant." As a case progresses toward its ultimate conclusion, the scrutiny attached to a request for intervention necessarily intensifies.

R&G Mortgage Corp. v. Federal Home Mortgage Corp., 584 F.3d 1, 7 (1st Cir. 2009)(citing Greenblatt, 964 F.2d at 1230-31)(internal citations omitted).

The present motion was filed three years after the original action was commenced, and eight months after the final order dismissing this case was entered.  With regard to the first timeliness factor, the length of time during which the movant knew or should have known of its interest in the case, ATCO fails to offer a sufficient reason to explain its delay in seeking intervention, thus this factor weighs against intervention.  See Orange County v. Air California, 799 F.2d 535, 538 (9th Cir.

4

1986)("[T]o prevail, [movant] must convincingly explain its delay in filing its motion to intervene.").

The second timeliness factor is the extent of prejudice to the existing parties.  Such prejudice is "measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." Sierra Club v. Espy, 18 F.3d 1202, 1206 (5th Cir. 1994).

It has been noted that "any substantial lapse of time weighs heavily against intervention." U.S. v. State of Washington, 86 F.3d 1499 (9th Cir. 1996). See also Johnson v. City of Memphis, 73 Fed.Appx. 123, 132 (6th Cir. 2003)(extensive litigation activity prior to motion to intervene counsels against intervention); U.S. v. Ritchie Special Credit Investments, Ltd., 620 F.3d 824, 832 (8th Cir. 2010)(intervention denied where litigation had progressed substantially).  This is especially true where, as here, the case has progressed to settlement and final dismissal with prejudice. See In re Old Bank One Shareholders Securities Litigation, 2007 WL 4592076, *3 (N.D. Ill. Dec. 28, 2007)("For the Bank to settle, and then have this case reopened, would result in obvious and substantial prejudice to the Bank.").  The Court finds that the existing parties would be prejudiced by the delay, which weighs against a finding of timeliness.

As for the third timeliness factor, prejudice to the would-be intervenor, the denial of ATCO's motion to intervene will not cause

it significant prejudice, because it still has an adequate remedy – it may bring a separate action against the defendant and/or the plaintiff in state court.  See R&G Mortg. Corp. v. Federal Home Mortg. Corp., 584 F.3d 1, 10 (1st Cir. 2009)("The availability of an adequate alternative remedy softens any plausible claim of prejudice.").

The final timeliness element, special circumstances, also weighs against intervention.  ATCO has shown no unusual circumstances that would favor a finding of timeliness.  Instead, the fact that this case has been dismissed with prejudice upon settlement by the parties militates against a determination that ATCO's motion to intervene was timely.  See id.

The Court therefore concludes that ATCO has failed to carry its burden to establish that its motion was timely filed, and the Court finds the motion to be untimely.  Because all four elements must be satisfied for intervention as of right, Sierra Club, 18 F.3d at 1205, a finding that a motion to intervene is untimely makes consideration of the remaining Rule 24(a)(2) factors unnecessary.  United States v. Covington County School District, 499 F.3d 464, 466 (5th Cir. 2007).  Nevertheless, in the interest of making a full record, the Court shall address the remaining factors relevant to ATCO's motion.  See Orange County, 799 F.2d at 538-39; Florida Key Deer v. Brown, 232 F.R.D. 415, 418-19 (S.D. Fla. 2005); Harris v. City of Chattanooga, 2005 WL 2219099, *2 n.2

(E.D. Tenn. Sept. 13, 2005).

The second element of intervention as of right is an interest related to the property or transaction that forms the basis of the controversy. ATCO must show that it has "a direct, substantial, legally protectable interest in the proceedings." New Orleans Public Service, Inc. v. United Gas Pipeline Co., 732 F.2d 452, 463 (5th Cir. 1984)(citations omitted). Thus, a movant seeking intervention in a suit involving rights under a contract to which it is not a party does not have a legally protectable interest that would support intervention. Westlands Water Dist. v. United States, 700 F.2d 561, 563 (9th Cir. 1983). In addition, "[t]he real party in interest requirement of Rule 17(a), Fed.R.Civ.P., 'applies to intervenors as well as plaintiffs,' as does also the rule that 'a party has no standing to assert a right if it is not its own.'" New Orleans Pub. Serv., 732 F.2d at 464 (quoting United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969)).

Furthermore, "[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction." Non Commissioned Officers Ass'n v. Army Times Publ'g Co., 637 F.2d 372, 373 (5th Cir. 1981)(citation omitted). "That none of the individual claims remained viable ... when the motion to intervene was filed, disposes of the attempt at intervention." Krim v. pcOrder.com, 402 F.3d 489, 502 (5th Cir. 2005)(citing Non Commissioned Officers

7

Ass'n, 637 F.2d at 373).  See also Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 840 (4th Cir. 1999)("When Beaumont filed its motion to intervene more than 60 days after the entry of final judgment, there was no pending litigation in which Beaumont could intervene. Therefore, the motion was untimely ....")(cited in Ericsson, Inc. v. Interdigital Comm. Corp., 418 F.3d 1217, 1222 (Fed. Cir. 2005).

Litigation in the case sub judice ended on July 27, 2010, when the Court dismissed this action with prejudice following settlement.  Thus, the only proceeding pending before the Court is the motion to enforce settlement agreement.  ATCO is not a party to the settlement agreement, and has no legally protectable interest in the enforcement thereof; therefore, it does not have a legally protectable interest in the proceeding before this Court.

Even if ATCO could show a legally protectable interest in the proceeding, it cannot show that the disposition of the motion to enforce settlement agreement might impair or impede its ability to protect that interest.  The settlement agreement does not impose any legal obligations or duties on ATCO, nor does it impair the interests of any non-parties.  Moreover, "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means."  Deus v. Allstate Ins. Co., 15 F.3d 506, 526 (5th Cir. 1994)(citation omitted).  ATCO has the ability to protect any interest it may have by filing an action in Mississippi state court.  Because the Court

finds that ATCO's motion is untimely, that it has not asserted a legally protectable interest in the proceeding, and that any interest it may have would not be impaired or impeded by the proceeding, ATCO's motion to intervene as of right shall be denied, and it is unnecessary for the Court to reach the last element of intervention of right (whether the existing parties adequately represent the potential intervenor's interest).

As for permissive intervention, the Fifth Circuit has held that it "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." New Orleans Pub. Serv., 732 F.2d at 471 (quoting 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2009)).

A finding that a motion for intervention as of right is untimely applies equally to a motion for permissive intervention. Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996). Therefore, ATCO's motion should be denied as untimely. Id; see also Dixon v. Margolis, 1992 WL 80512, *5 n.5 (N.D. Ill. April 14, 1992) ("Application after the original parties have settled is unlikely to be found to be timely under Rule 24(b).")(citing Bethune Plaza, Inc. v. Lumpkin, 863 F.2d 525, 534 (7th Cir. 1988)).

In addition, the movant has failed to show that its claim or defense has a question of law or fact in common with the motion to

enforce settlement agreement.  The Court's role in the proceeding is to decide whether to enforce the settlement agreement, not to change or amend it.  <u>See</u> <u>Solis v. Magana</u>, 2010 WL 1257859, *4 (E.D. Tenn. March 26, 2010).  And allowing ATCO to re-open this case which has been dismissed with prejudice would clearly result in prejudice to the original parties.  <u>See</u> <u>U.S. v. Metropolitan Dist. Comm'n.</u>, 679 F.Supp. 1154, 1161-62 (D. Mass. 1988).  The Court further notes that only the parties are bound by the settlement. Neither stare decisis, collateral estoppel, nor res judicata would preclude any future proceedings ATCO may wish to bring.  <u>See</u> <u>Orange County</u>, 799 F.2d at 538-39.

Finally, permissive intervention requires an independent jurisdictional basis.  <u>Harris v. Amoco Prod. Co.</u>, 768 F.2d 669, 675 (5th Cir. 1985); <u>E.E.O.C. v. Nat'l Children's Ctr.</u>, 146 F.3d 1042, 1046 (D.C. Cir. 1998); 13b Wright, et al., <u>Federal Practice and Procedure 2d</u> § 3608 (1984)("permissive intervenors under Rule 24(b) are required to meet jurisdictional requirements so that the existence of diversity must be redetermined at the time intervention is requested.").  ATCO's proposed Motion for Injunction and Damages reflects that ATCO, the plaintiff, and all defendants are resident citizens of Mississippi, thus diversity jurisdiction is lacking and no other basis for jurisdiction is asserted.

For all of the above stated reasons, ATCO's motion to

intervene is denied.  Accordingly,

IT IS HEREBY ORDERED that Anderson-Tully Company's Motion to Intervene Pursuant to Rule 24 **(docket entry 61)** is DENIED;

FURTHER ORDERED that ATCO's Motion for Injunction and Damages **(docket entry 64)**; defendants' Motion to Strike or hold in Abeyance the Motion for Injunction and Damages **(docket entries 66 and 67)**; and plaintiff's Motion to Hold in Abeyance the Motion for Injunction and Damages **(docket entries 68 and 69)** are DENIED AS MOOT.

SO ORDERED, this the 5th day of November, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE